IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                         ORDER

                Plaintiff,

                                07-cr-108-jcs

      v.

RANDY R. JEFFERSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Randy R. Jefferson has filed a motion for return of property pursuant to Fed. R. Crim. P. 41(e).  In Judge Shabaz's absence for medical leave, I am handling his cases, including this one.

      Defendant argues that the forfeiture of his property violated the United States Constitution because the government never initiated formal criminal forfeiture proceedings against him in compliance with 21 U.S.C. § 881.  The motion will be denied because the government seized and declared defendant's property forfeited under civil administrative provisions, which allows the government to use administrative procedures, rather than criminal proceedings, to forfeit property with a value under $500,000, and because defendant has failed to show that he is entitled to the return of any of the property seized

1

by law enforcement officers and administratively forfeited.

In opposition to defendant's motion for return of property, the government has proposed the following facts. Defendant has not objected to any of them, so I will rely on them in deciding his motion.

## BACKGROUND FACTS

Jake Mansfield was arrested on May 11, 2007, in possession of 127.6 grams of crack cocaine. He agreed to cooperate with police and to contact defendant Randy Jefferson, whom he identified as his source for crack cocaine. Mansfield arranged for defendant to come to his apartment to collect money Mansfield owed him for previous crack cocaine sales.

Conducting surveillance on Mansfield's apartment, officers saw defendant arrive, driving a blue 2001 Chrysler Town and Country LX minivan. Mansfield identified this as the vehicle defendant used to transport crack to him. Defendant told the officers that he was the owner of the van, although it was registered to Carla Alexander, who defendant said later was the owner and his aunt. Defendant gave officers permission to search the vehicle. They found no drugs or other contraband but a drug dog "hit" on the front passenger seat area. The officers seized the van on the ground that it had been used to transport quantities of crack cocaine and to facilitate the collection of proceeds from the sales of crack cocaine.

Armed with a search warrant, officers went to an apartment at 320 Coyier Lane, #8,

2

in the Town of Madison, which Mansfield had identified as an apartment he had visited numerous times to pick up drugs from defendant.  Mansfield said that defendant had used the apartment for cooking powder cocaine into crack and for weighing and bagging the crack.

When the officers arrived, they found one occupant, identified as Kenneth Christian, whose address was 6628 S. Honore Street, Chicago, Illinois.  Christian told the officers he had approximately $4,200 in the pocket of his jacket that was intended for the purchase of a car.  Officers found another $6,257 in the pocket of another jacket in the apartment. Christian claimed this money as well, again for use for the purchase of a car.

After executing the search warrant at the Coyier Lane apartment, Detective Kevin Linsmeier visited defendant at the Dane County jail, where he showed him an Address Acknowledgment/Receipt for Seized Property form and explained that the government would be seizing the minivan.  Defendant stated again that the van belonged to his aunt.  Linsmeier told defendant that he had found $6,527 in the apartment and that it would be forfeited. He left a receipt for seized property with defendant's jail property.

The government sent notice of forfeiture of the minivan to defendant at three different addresses (6315 S. Honore Street, Chicago, IL 60636, on 6/21/07; to the Union County jail, 307 W. Market Street, Jonesboro, IL 62952, on 7/23/07; and the United States Marshals Service, 120 N. Henry Street, Room 440, Madison, WI 53703, on 8/14/07). Service was completed only at the Marshals Service, as evidenced by a mail return receipt

3

received by the government on August 30, 2007.

Notice of the forfeiture was sent to the registered owner, Carla Alexander, at two different addresses and published in the Wall Street Journal three times, starting on July 2, 2007.  No response was received from Alexander.

The Drug Enforcement Administration sent notice of the forfeiture of $6,527 in currency to defendant at 320 Coyier Lane, Apt. #8, Madison, WI 53713, on June 12, 2007. This notice was not received by defendant.  A second notice sent to him at 6315 S. Honore Street, Chicago, IL 60636.  It is unknown whether defendant received this notice.  Notice was also published in the Wall Street Journal three times, starting on June 25, 2007.

When no one filed a claim to the minivan, it was forfeited administratively to the United States on October 9, 2007 and transferred to the Dane County Narcotics and Gang Task Force for its use on February 5, 2008.  The currency was returned to Kenneth Christian on November 1, 2007.


OPINION

Defendant cannot proceed under the authority he cites, Fed. R. Crim. P. 41(e), because that rule applies only if the property sought has not been forfeited administratively or otherwise disposed of, United States v. Sims, 376 F.3d 708-09 (7th Cir. 2004), and defendant has not disputed the facts submitted by the government as to the disposition of

4

the minivan and currency.  See also United States v. Stevens, 500 F.3d 625, 628 (7th Cir. 2007).

18 U.S.C. § 983(e) provides a mechanism for the return of property, but it too is unavailable to defendant.  Under this statute, the only way in which a person can set aside a declaration of forfeiture of his property is by showing that he did not receive notice and the government knew or reasonably should have known of his interest and failed to take reasonable steps to provide him with notice *and* he did not know or have reason to know of the seizure within a sufficient time to file a timely claim.  Defendant has made no showing that he did not receive notice or that he did not know of the seizure.  He has not disputed the fact proposed by the government that Detective Linsmeier visited him at the Dane County jail to tell him *and* to give him written notice that the government was planning to declare the minivan and currency forfeited.

The government is required to take steps "reasonable under the circumstances" to provide notice to a presumptive owner that his property is to be forfeited.  Dusenberry v. United States, 534 U.S. 161, 166-67 (2002).  It is not necessary to decide whether the steps taken in this case met that standard because defendant has not averred that he did not receive the notice sent to him.  Even if he had, he would be unable to prove that he lacked notice of the impending forfeiture proceedings.

5

ORDER

IT IS ORDERED that defendant Randy R. Jefferson's motion for return of property

pursuant to Fed. R. Crim. P. 41 is DENIED.

Entered this 31st day of December, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge